Richard D. MANUEL, Plaintiff–
Appellant,

v.

CITY OF COLUMBUS; J.D.
Ehrenborg; Andrew Beeler,
Defendants–Appellees.

No. 02–3637.

United States Court of Appeals,
Sixth Circuit.

Jan. 21, 2004.

James D. McNamara, Columbus, OH, for Plaintiff–Appellant.

Paula Jennings Lloyd, Columbus City Attorney's Office, Columbus, OH, for Defendant–Appellee.

Before CLAY and COOK, Circuit Judges;  and STAFFORD, District Judge.*

---

* The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

COOK, Circuit Judge.

Plaintiff Richard D. Manuel summoned the police to stop a threatening crowd of gang members outside his Columbus home. Before the police arrived, Manuel, carrying an unloaded pistol, walked out onto his front porch and ordered the gang members to leave. When the police did arrive, they arrested Manuel for aggravated menacing. Claiming the police lacked probable cause to arrest him. Manuel sued the City of Columbus and officers J.D. Ehrenborg and Andrew Beeler, alleging a violation of the rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution through 42 U.S.C. § 1983. The district court granted summary judgment to all Defendants on these claims and we AFFIRM.

## I.  BACKGROUND

Columbus police knew Manuel as a concerned citizen who was troubled by the rising drug activity and prostitution in his neighborhood. On a number of occasions, Manuel notified the police about illegal activity he was seeing. Manuel took the view that because of this cooperation with the police, the neighborhood criminals began retaliating against him. In fact, in the two weeks prior to his arrest, Manuel reported two incidents of suspected retaliation–trespassing on his property–to the police.

On December 4, 1999, Manuel noticed a crowd gathering near his home and recognized several individuals as local drug dealers. Fearing trouble, he called the police for assistance. The responding officer spoke with members of the crowd, but left without dispersing it. According to Manuel, the crowd continued to grow until people entered his property and "pound[ed], kick[ed], and [threw] bottles" at his home. (J.A. at 11.) Manuel telephoned the police again and waited for a response. Manuel claims that when he saw a shadowy figure on his front porch and heard the crowd's threatening chanting that he be killed and his house burned down, he decided that he could no longer wait for the police to arrive. Manuel testified that while still on the phone with the police dispatcher, he carried an unloaded pistol onto the front porch and, with the pistol at his side and his cell phone in the air, ordered the gang from his property.

The police arrived soon after and interviewed both Manuel and members of the crowd. Manuel admitted to the police that he responded to the crowd's threats with gun in hand, telling them to leave his property. The crowd witnesses contradicted Manuel's story, telling the officers that Manuel threatened them with a pistol while they were lawfully standing at a bus stop. The police did not arrest any of the purported trespassers, but instead arrested Manuel for aggravated menacing.

Manuel filed the present action under 42 U.S.C. § 1983 against Officers Ehrenborg and Beeler, in their individual and official capacities, claiming that they violated rights guaranteed him by the Fourth and Fourteenth Amendments to the United States Constitution. He also sued the City of Columbus under 42 U.S.C. § 1983 contending that its policies and customs proximately caused the officers' violation of his rights.

## II.  ANALYSIS

### A.  Standard of Review

We review the district court's grant of summary judgment de novo. *Bukowski v. City of Akron*, 326 F.3d 702, 707 (6th Cir.2003), and may affirm the judgment on any ground supported by the record. *Wausau Underwriters Ins. Co. v. Vulcan Dev., Inc.*, 323 F.3d 396, 403–04 (6th Cir. 2003). Summary judgment is appropriate

only if we find that the pleadings, answers to interrogatories, depositions, and admissions, combined with the supporting affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In considering a motion for summary judgment, we construe all reasonable factual inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If, after construing the evidence in a light most favorable to Manuel, "the evidence is merely colorable or is not significantly probative," summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).

## B. The Officers

The district court granted summary judgment to the officers, finding that probable cause to arrest Manuel precluded any liability for violating his Fourth Amendment rights. Because the district court granted the officers' motion for summary judgment on this ground, it did not consider their qualified immunity defense. Courts should, however, resolve questions of qualified immunity in the earliest possible stage of litigation because qualified immunity is immunity from *"suit* rather than a mere defense to liability," and "it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). We thus proceed directly to the officers' claim that they are immune from suit and examine whether the summary judgment record, when construed most favorably to Manuel, conclusively supports a qualified immunity defense for Ehrenborg and Beeler as a matter of law. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Qualified immunity shields government officials performing discretionary functions from civil damages as long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). If the officers' conduct did not violate a statutory or constitutional right, the officers are immune from suit and there is no need to proceed to the second prong of inquiry– whether the right was clearly established at the time of arrest so that a reasonable officer would have understood that his conduct violated that right. *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151.

Manuel claims that Officer Ehrenborg and Sergeant Beeler violated his Fourth Amendment guarantee against unreasonable searches and seizures, applicable to state action through the Fourteenth Amendment, by arresting him without probable cause. *Michigan v. DeFillippo,* 443 U.S. 31, 36, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979); *Crockett v. Cumberland College,* 316 F.3d 571, 579–80 (6th Cir.2003). But if the facts and circumstances known by the officers would be "sufficient to warrant a prudent person, or one of reasonable caution, in believing" that Manuel committed the crime for which he was arrested, probable cause did exist for Manuel's arrest. *DeFillippo,* 443 U.S. at 37, 99 S.Ct. 2627.

### 1. Officer Ehrenborg

Qualified immunity protects Officer Ehrenborg from suit. He had probable cause to arrest Manuel for aggravated menacing–defined under Ohio law as "knowingly caus[ing] another to believe that the offender will cause serious physical harm to the person or property of the other person." Ohio Rev.Code Ann. § 2903.21 (West 2003).

Ehrenborg decided to arrest Manuel after an investigation of the scene and after interviewing witnesses. The four crowd witnesses interviewed all claimed that Manuel pointed a gun at them while they were standing at a bus stop, causing them to flee in fear. Manuel admitted that he was on the porch with the gun but denied pointing it at the crowd.

These witness statements, coupled with Manuel's admission that he had the gun on the porch in an attempt to frighten the crowd, establish probable cause for Manuel's arrest. *See, e.g., State v. Welling,* No.2000CA00258, 2001 WL 1782878, 2001 Ohio App. LEXIS 6083 (Ohio Ct.App. Feb. 26, 2001) (upholding a conviction for aggravated menacing where the defendant tried to intimidate a victim by flashing a gun); *State v. Wilson,* Marion App. No. 9–99–5, 1999 WL 692424, 1999 Ohio App. LEXIS 4034, at *6 (Ohio Ct.App. Sept.1, 1999) (explaining that even if the defendant had not pointed a gun at the victim, the defendant's conviction for aggravated menacing was proper where she brandished a gun while threatening to cause serious harm to the victim).

Manuel counters that his affirmative defense–self–defense–should have precluded Ehrenborg from arresting him. *Painter v. Robertson,* 185 F.3d 557 (6th Cir.1999). Manuel argues that Ehrenborg did not properly consider that Manuel only used the gun to get the crowd to leave his property; Ehrenborg ignored damage to Manuel's property and refused to interview eyewitnesses. "Even if the circumstances suggest that a suspect may have an affirmative defense, if a reasonable officer would not 'conclusively know' that the suspect is protected by the defense, then he [the officer] is free to arrest the suspect provided there is probable cause to do so." *Fridley v. Horrighs,* 291 F.3d 867, 873 (6th Cir.2002). The summary judgment evidence showed that the officers looked for

evidence of property damage–broken glass or rocks in the yard–but found none. Manuel himself admitted that he could not see any damage to his home that night. And though Manuel points to Ehrenborg's admission regarding a large piece of concrete laying on the sidewalk in front of Manuel's home as evidence of the attack on his home, the large piece of concrete did not correspond to Manuel's affidavit that the attackers were throwing rocks and bottles.

Manuel also contends that his neighbors who could have corroborated his claim of self-defense were not interviewed. But Ehrenborg discounted the sole person identified by Manuel as a corroborating witness because he would only speak to the police by phone. The officers interviewed several of Manuel's neighbors, none of whom witnessed the exchange. Further interviews of a neighboring apartment building's residents failed to lend any support to Manuel's story.

In light of the witness statements and Manuel's own admission that he had a gun on the porch. Ehrenborg had probable cause to arrest Manuel for aggravated menacing. These facts were "sufficient to warrant a prudent person." *DeFillippo,* 443 U.S. at 37, 99 S.Ct. 2627, in believing that Manuel committed the crime of aggravated menacing undiminished by a self-defense claim–entitling Officer Ehrenborg to qualified immunity.

### 2. Sergeant Beeler

Manuel also sued Sergeant Beeler even though Beeler did not arrive until after Manuel had been arrested. The parties disagree as to whether Sergeant Beeler just reviewed Officer Ehrenborg's paperwork, or whether Beeler, as a supervisor, actually decided whether or not Manuel should be arrested. Construing the summary judgment evidence in the light most

favorable to Manuel, we proceed on the assumption that Beeler exercised authority over the decision to arrest Manuel.

Given our conclusion that Ehrenborg acted reasonably in arresting Manuel, Sergeant Beeler's limited role also qualifies for immunity from suit.

### C. Municipal Liability

■ The district court also properly granted summary judgment to the City because Manuel's § 1983 claims against the City hinged on the illegality of the arrest, and this court having found the arrest lawfully supported by probable cause, any claims against the City fail. Moreover, the district court correctly concluded that even if arrested without probable cause, Manuel failed in the summary judgment stage to specify any City policy or custom causing the constitutional violation as required to hold the City accountable for the unconstitutional acts of its police officers. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### III. CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment to all Defendants.